UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAWN TILL and MARY JOSEPHS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAKS INCORPORATED, a Tennessee corporation; SAKS FIFTH AVENUE, INC., a Massachusetts corporation; SAKS & COMPANY, a New York corporation; and SAKS FIFTH AVENUE OFF FIFTH,<br><br>Defendants. | Case No:  C 11-0504 SBA<br><br>**ORDER STRIKING NON-COMPLIANT BRIEFS** |

The Court's Standing Orders in effect *since July 1, 2011,* impose page limits on motions, as follows:

> **Page Limits**:  All noticed motions (other than motions for summary judgment) and any opposition thereto, shall not exceed fifteen **(15) pages** in length, exclusive of the table of contents, table of authorities, exhibits and declarations, if required.  Reply briefs may not exceed **ten (10)** pages in length. Motions for summary judgment are subject to the page limits set forth in Civil Local Rule 7.3.

Id. at 4.  The Standing Orders further state that any brief filed "in an improper manner or form shall not be received or considered by the Court."  Id.

Defendants have filed a twenty-five page Motion to Deny Class Certification and Reject Conditional Certification.  Dkt. 26.  Plaintiffs filed a twenty-three page opposition to the motion.  Dkt. 33.  Separately, Plaintiffs filed a twenty-five page Motion for Class Certification, Dkt. 42, to which Defendants filed a twenty-five page opposition, Dkt. 58, and Plaintiffs filed a fifteen-page reply, Dkt. 60.  Prior leave of Court was neither sought nor obtained by the parties to file these oversized briefs.  The Court will not consider the

parties' non-compliant briefs.  See Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (courts have discretion to strike oversized briefs).  Nonetheless, the Court will afford the parties an opportunity to rectify their violations of the Court's Standing Orders.  Accordingly,

    IT IS HERBY ORDERED THAT:

    1.    Defendants' Motion to Deny Class Certification and Reject Conditional Certification and Plaintiffs' Motion for Class Certification and related briefs, Dkt. 26, 33, 42, 58 and 60, are STRICKEN from the record.

    2.    The parties' may resubmit their respective motions, consistent with the Court's Standing Orders, in accordance with the following schedule:

        a.    Motions due by September 25, 2012.

        b.    Oppositions due by October 2, 2012.

        c.    Replies due by October 9, 2012.

The parties need not refile their supporting declarations.  However, parties' respective memoranda shall include references to the docket number corresponding to the previously-filed declarations.

    3.    Prior to refiling their motions, the parties shall meet and confer in person or by telephone in an effort to narrow the issues presented in their motions.  The parties' meet and confer conference shall include the Plaintiffs from Tate-Small v. Saks Inc., No. C 12-3903 SBA, to determine whether the renewed motions should include that action, as well.

    4.    The motions will be taken under submission as of the date the replies are due.  No hearing will be held in connection with the motion unless otherwise ordered by the Court.

    5.    This Order terminates Docket 26, 30 and 42.

    IT IS SO ORDERED.

Dated:  September 11, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge