UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAWN TILL and MARY JOSEPHS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAKS INCORPORATED, a Tennessee corporation; SAKS FIFTH AVENUE, INC., a Massachusetts corporation; SAKS & COMPANY, a New York corporation; and SAKS FIFTH AVENUE OFF FIFTH,<br><br>Defendants. | Case No: C 11-0504 SBA<br><br>Related to:<br>C 12-3903 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO REFILE ENLARGED BRIEFS RE CLASS CERTIFICATION**<br><br>Dkt. 71 |

The Court previously struck Defendants' Motion to Deny Class Certification and Reject Conditional Certification and Plaintiffs' Motion for Class Certification from the record on the grounds that they exceeded the fifteen page limit for motions, as set forth in the Standing Orders of this Court. Dkt. 69. Defendants have now submitted a stipulated motion seeking leave to resubmit twenty-five page motions by both Plaintiff and Defendants.

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, as well as at least one of the requirements of Rule 23(b). See Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979-980 (9th Cir. 2011). In the absence of a motion for class certification, the Ninth Circuit permits class action defendants to move preemptively to deny class certification, rather than waiting to defend against motions to certify. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939-941 (9th Cir. 2009) (collecting cases and other authorities).

In the present case, the parties are simultaneously seeking consideration of Plaintiffs' motion for class certification and Defendants' motion to deny class certification. Such an approach is unnecessary and inefficient. Plaintiffs are prepared to file a motion for class certification, and indeed, previously filed such a motion, albeit in a procedurally improper manner. Given that the issue of class certification has been raised by Plaintiffs, it would be superfluous for the Court to simultaneously consider a motion by Defendants to deny class certification. Defendants will have the opportunity to present their arguments against class certification in their opposition to Plaintiffs' motion. As such, the Court will permit Plaintiffs to file an oversized motion for class certification and Defendants to file an oversized opposition thereto.[1]  However, the Court will not simultaneously entertain a motion to deny class certification at this juncture. See Vinole, 571 F.3d at 942 (noting that district courts have broad discretion in managing the class certification process). Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants' Stipulated Motion to Refile Enlarged Briefs Re Class Certification is GRANTED IN PART and DENIED IN PART. Plaintiffs and Defendants are granted leave to file a twenty-five (25) page motion for class certification and opposition thereto, respectively. Plaintiffs also are granted leave to file a fifteen (15) page reply. Defendants are not granted leave to file a motion to deny class certification, except as set forth in footnote 1.

2. In light of the above ruling, the briefing schedule set forth in the Court's September 11, 2012 Order is revised as follows:

    a. Plaintiffs' motion for class certification due by October 2, 2012.

    b. Defendants' opposition due by October 16, 2012.

---

[1] To the extent that Plaintiffs do not seek conditional certification in their motion for class certification with respect to their claims under the Fair Labor Standards Act, Defendants may file motion to deny conditional certification. The briefing on said motion shall be limited to ten (10) pages for the motion and opposition and seven (7) pages for the reply. If Plaintiffs seek conditional certification along with class certification, Defendants shall not file such a motion. The parties shall meet and confer on this issue.

1         c.     Plaintiffs' reply due by October 23, 2012.

2     3.     The motions will be taken under submission as of the date the reply is due. No hearing will be held in connection with the motion unless otherwise ordered by the Court.

    4.     This Order terminates Docket 71.

IT IS SO ORDERED.

Dated: September 21, 2012

*/s/ Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 3 -