UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAWN TILL and MARY JOSEPHS, individually, and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     vs.<br><br>SAKS INCORPORATED, a Tennessee corporation; SAKS FIFTH AVENUE, INC., a Massachusetts corporation; SAKS & COMPANY, a New York corporation; and SAKS FIFTH AVENUE OFF FIFTH,<br><br>             Defendants. | Case No:  C 11-00504 SBA<br><br>Related to:<br>C 12-03903 SBA<br><br>**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**<br><br>Dkt. 96[1], 97 |

The parties are presently before the Court on the parties' Joint Motion for Settlement Approval.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

Plaintiffs Dawn Till and Mary Josephs, on behalf of themselves and similarly situated present and former employees of Saks Fifth Avenue Off 5th, filed the instant wage

---

[1] The parties' stipulation for an extension of time to file their joint motion is granted.

and hour action against Saks Incorporated, Saks & Company and Saks Fifth Avenue, Inc. (collectively "Defendants"), claiming that were misclassified as non-exempt employees and were not paid overtime wages in violation of state and federal laws.  Plaintiffs sought to bring this matter as a class action under Federal Rule of Civil Procedure 23 and a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

On September 30, 2013, the Court denied Plaintiffs' motion for class certification and granted Defendants' motion to deny conditional certification.  Dkt. 92.  Subsequent to that ruling, the parties negotiated a settlement of the individual claims of named Plaintiffs in this action, three individuals who filed consents to join the action and the three named Plaintiffs in the related action, Tate-Small, et al. v. Saks Incorporated, et al., No. 12-03903 SBA (collectively "Plaintiffs").  Under the terms of the parties' agreement, Defendants will pay a total of $115,000 to resolve the claims of the eight Plaintiffs, inclusive of fees and costs.  Saunders Decl. ¶ 5.  Plaintiffs' counsel's fees and costs in the amount of $45,000 will be deducted from the total settlement amount of $115,000 prior to allocation, in accordance with the Plaintiffs' fee agreement.  Id. ¶ 8. The remainder of the settlement will be allocated to each Plaintiff based on estimates of their overtime wages due and participation and efforts in this case.  Id. ¶ 2.  The parties now jointly move for approval of the settlement.  Dkt. 97.

## II.     DISCUSSION

Settlements of private FLSA collective action claims generally require court approval.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  In reviewing an FLSA settlement, the district court's "[o]bligation is not to act as caretaker but as gatekeeper; [rather,] it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes."  Goudie v. Cable Commc'ns, Inc., No. CV 08-507-AC, 2009 WL 88336, *1 (D. Or. Jan. 12, 2009).  The salient question for purposes of approving a FLSA settlement is whether it constitutes a "fair and reasonable resolution of a bona fied dispute."  Lynn's Food Stores, 679 F.2d at 1353.  "If the settlement reflects a reasonable compromise

over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" McKeen-Chaplin v. Franklin American Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012) (quoting in part Lynn's Food Stores, 679 F.2d at 1354).

The Court finds the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute. Taking into account the number of hours each Plaintiff worked, the applicable limitations period, liquidated damages and their "fluctuating workweek," Plaintiffs' potential damages range from less than $55,000 to more than $800,000. Saunders Decl. ¶ 6. Although the settlement is closer to the lower end of that range, it nonetheless appears reasonable in view of the numerous variables affecting the potential value of Plaintiffs' claims. Moreover, considering Defendants' continuing denial of liability and assertion that they would have vigorously defended the action had Plaintiffs litigated further, there is a distinct possibility that Plaintiffs would have recovered nothing had they pursued the action through trial. Accordingly, the Court finds approves the proposed settlement as a fair and reasonable resolution of Plaintiffs' individual claims.[2]

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.  The parties' Joint Motion for Settlement Approval is GRANTED.

2.  The above-captioned action and related action Tate-Small, et al. v. Saks Incorporated, et al., No. C 12-03903 SBA, shall be dismissed with prejudice and the claims of the settling Plaintiffs shall be releases in accordance with the terms of the parties' settlement agreement.

3.  The Clerk shall file a copy of this Order in the Tate-Small action and close both files.

---

[2] The proposed attorneys' fees are consistent with the parties' fee agreement and are reasonable, particularly given that they are significantly less than the lodestar amount of $175,900. Id. ¶ 8.

IT IS SO ORDERED.

Dated: March 20, 2014

                                                _____
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge